**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

SEP 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



FOR THE NINTH CIRCUIT

YONAS FIKRE,

Plaintiff-Appellant,

v.

FEDERAL BUREAU OF
INVESTIGATION; et al.,

Defendants-Appellees.

No. 16-36072

D.C. No. 3:13-cv-00899-BR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted May 9, 2018
Portland, Oregon

Before: RAWLINSON, M. SMITH.,[**] and CHRISTEN, Circuit Judges.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  Following Judge Garbis's retirement, Judge Smith was drawn by lot to replace him.  Ninth Circuit General Order 3.2.h.  Judge Smith has read the briefs, reviewed the record, and listened to oral argument.

Fikre alleged that in June 2011, he was detained by the secret police in the United Arab Emirates and subjected to interrogation and torture for 106 days.[1] This episode was instigated by the Federal Bureau of Investigation. Fikre sued the government contending, among other things, that it illegally surveilled him in violation of the Fourth Amendment. The district court dismissed this claim and Fikre timely appealed. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.[2]

Fikre's fifth amended complaint pleaded that the "[FBI's] actions were not authorized by a warrant satisfying the Fourth Amendment, were not supported by probable cause or reasonable suspicion, and were unreasonable." These allegations are vague and conclusory and, in the absence of "further factual enhancement," do not give rise to a "plausible claim for relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *see Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 969 (9th Cir. 2010). And because Fikre "had several opportunities to amend [his] complaint and repeatedly failed to cure deficiencies," the district court did not abuse its

---

[1] On a motion to dismiss, we take all factual allegations in the complaint as true. *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010). As the parties are familiar with these allegations, we do not recount them here.

[2] We resolve Fikre's due process claims in a concurrently filed opinion.

discretion by dismissing his Fourth Amendment claim with prejudice. *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

**AFFIRMED.**